LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
"TRUST A" MARITIME LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
"TRUST A" MARITIME LIMITED,

                        Plaintiff,

   -against-

CLEARLAKE SHIPPING LTD. BVI,

                        Defendant.
------------------------------------------------------------X

ECF CASE

08 Civ.         (   )

RECEIVED MAY 30 2008 U.S.D.C. S.D. N.Y. CASHIERS

## VERIFIED COMPLAINT

    Plaintiff "TRUST A" MARITMIE LIMITED ("TRUST"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, CLEARLAKE SHIPPING LTD. BVI ("CLEARLAKE"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

    2.    At all material times, plaintiff TRUST was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Valletta, Malta, and was and is the owner of the M/T HALIFAX ("the Vessel").

3.  Upon information and belief, defendant CLEARLAKE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at P.O. Box 3159, Road Town, British Virgin Islands, and was the charterer of the Vessel.

4.  By a voyage charter dated October 23, 2007 (the "Charter Party"), defendant CLEARLAKE chartered the Vessel from plaintiff TRUST for one voyage from Batuma to Mersin, via Tuapse. The cargo carried aboard the Vessel during the voyage was 20,550.166 metric tons of gasoil.

5.  Pursuant to the Charter Party, the laycan was between October 25 and October 27, 2007. The laytime allowed defendant CLEARLAKE in the charter party was seventy-two (72) hours. Pursuant to Rider Clause Eight (8), the demurrage rate was $17,000.00 per day or *pro rata*.

6.  On October 27, 2007, plaintiff TRUST delivered the Vessel to the delivery point named in the Charter Party.

7.  Under the Charter Party, defendant CLEARLAKE was required to pay $17,000 per day in excess of the 72-hour laytime maximum.

8.  Upon information and belief, defendant CLEARLAKE spent thirty-five (35) hours and three (3) minutes loading the Vessel at Batumi.

9.  Upon information and belief, defendant CLEARLAKE spent two hundred and sixty-one (261) hours and twenty-seven (27) minutes discharging the Vessel at Mersin as a result of inclement weather.

10. As a result of this delay, defendant CLEARLAKE exceeded its laytime by 7.89375 days, incurring demurrage of $134,193.75, less a 2.50% commission including 1.25% to

Alexia Shipping. Therefore, under the Charter Party, defendant CLEARLAKE owes $130,838.91, in addition to interest and costs.

11. Pursuant to the Charter Party, disputes between plaintiff TRUST and defendant CLEARLAKE are subject to English law and litigation in the High Court in London.

12. Under English law, plaintiff would expect the High Court in London to award interest on the principal amount awarded at a rate of approximately 7.5% *per annum*, compounded at three months rests. Plaintiff has therefore calculated interest on the sums set forth in paragraph ¶ 15 of the Verified Complaint herein based on that interest rate for a period of three years.

13. Under English Law, plaintiff would expect the High Court in London to award the legal costs of litigation against defendant. These legal costs would include plaintiff's London solicitor's fees, experts' fees, barristers' fees in relation to the trial, costs associated with the trial itself, and travel costs and expenses for witnesses attending the trial.

14. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, CLEARLAKE has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant CLEARLAKE.

15. Plaintiff TRUST hereby demands:

    (a) Payment of $130,838.91 as security for the demurrage due and owing to plaintiff under the Charter Party;

(b) Payment of $32,672.62 as security to cover interest on the amount in paragraph (a) above as recoverable under English Law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

(c) Payment of $150,000 as security to cover the legal costs in connection with the London litigation as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

          **Total**   **$313,511.53**

WHEREFORE, plaintiff "TRUST A" MARITIME LIMITED prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b. since defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $313,511.53 to secure the plaintiff TRUST's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

    d.    judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any English Court judgment(s) that may be rendered on the claims set forth herein; and

    e.    plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: May 30, 2008

                            LYONS & FLOOD, LLP
                            Attorneys for Plaintiff
                            "TRUST A" MARITIME LIMITED

By: _____
      Kirk M. Lyons (KL-1568)
      65 West 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

U:\kmhldocs\2643002\Legal\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff "TRUST A" MARITIME LIMITED, in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff "TRUST A" MARITIME LIMITED, is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: May 30, 2008

_____
Kirk M. Lyons

U:\kmhldocs\2643002\Legal\Verified Complaint.doc